UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID J. RUDOMETKIN,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTINE WORMUTH,<br><br>        Defendant. | Civil Action No. 22-cv-1968 (TSC) |

## MEMORANDUM OPINION

Plaintiff David Rudometkin brought this action against Christine Wormuth, in her capacity as Secretary of the United States Army. He seeks to compel Defendant to disclose records related to his military service, his court-martial proceedings, and individuals involved in his court-martial proceedings. Defendant filed a partial motion to dismiss. Mem. in Supp. of Def.'s Partial Mot. to Dismiss at 1, ECF No. 50-1 ("Def.'s MTD"). For the following reasons, the court will GRANT in part and DENY in part Defendant's motion.

### I.   BACKGROUND

This case has a complicated procedural history. Plaintiff, a military prisoner at the U.S. Disciplinary Barracks in Fort Leavenworth, Kansas, Def.'s MTD at 1, filed his Complaint in July 2022, alleging that the U.S. Department of the Army ("U.S. Army") failed to adequately respond to his numerous FOIA requests, Compl. ¶¶ 10–30, ECF No. 1. Then, proceeding *pro se*, Plaintiff sought to amend his complaint on several occasions, with varying success. *See, e.g.*, Am. Compl., ECF No. 5; Mot. for Leave to Amend, ECF No. 19; Mot. to Amend Second Am. Compl., ECF No. 37. Ultimately, on May 7, 2024, the court granted Plaintiff leave to file a Third Amended Complaint, now "the operative complaint in this litigation." May 7, 2024 Min. Order; *see* Third

Am. Compl., ECF No. 45 ("3d Am. Compl."). The allegations contained therein form the basis of this court's decision on Defendant's motion to dismiss.

Plaintiff alleges that he submitted at least eighteen FOIA requests seeking records from various U.S. Army departments about himself and his court-martial proceedings before Lieutenant Colonel Richard Henry ("LC Henry"). 3d Am. Compl. ¶¶ 1, 10–30. Plaintiff claims that he exhausted administrative remedies for certain requests. *Id.* ¶¶ 10, 11, 18–19, 27. He brings a claim against each department to which he allegedly submitted a FOIA request and assigns each department an alphabetical identifier. *Id.* ¶¶ 1, 10–30.[1] Defendant moves to dismiss claims (a) through (e), corresponding to nine FOIA requests, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s MTD at 2. Plaintiff concedes that Defendant adequately responded to and agrees to dismiss the following requests: two requests to the U.S. Army Office of the Judge Advocate General, asserted in Claim (a); one request to the U.S. Army Review Boards Agency, asserted in Claim (b); all requests to the U.S. Army Personnel Control Facility, asserted in Claim (c); and all requests to the U.S. Army Human Resources Command, asserted in Claim (e). 3d Am. Compl. ¶¶ 12, 13, 14, 20, 24; Pl.'s Opp'n to Def.'s MTD at 16–17, ECF No. 56 ("Pl.'s Opp'n"). The remaining claims subject to Defendant's motion to dismiss are:

- Claim (a): Plaintiff's request to the U.S. Army Office of the Judge Advocate General for all administrative disciplinary actions against LC Henry. *Id.* ¶¶ 10. Plaintiff attaches an April 11, 2023 memorandum (hereinafter, "April 11 Memorandum") he allegedly sent to the U.S. Army Office of General Counsel regarding this request and the related administrative appeal. 3d Am. Compl. App'x at 1–2. Plaintiff also purports to "incorporate[] by reference" an earlier complaint raising this FOIA request in another action. 3d Am. Compl. ¶ 10 (discussing *Rudometkin v. United States*, No. 20-cv-2687

---

[1] Plaintiff's claims involve requests from (a) U.S. Army Office of the Judge Advocate General, (b) U.S. Army Review Boards Agency, (c) U.S. Army Personnel Control Facility, (d) U.S. Army Trial Defense Service, (e) U.S. Army Human Resources Command, (f) Assistant Secretary of the Army for Acquisition Logistics and Technology, and (g) U.S. Army Aviation and Missile Command. 3d Am. Compl. ¶¶ 10–30. Certain claims contain multiple FOIA requests. *Id.* Because both parties identify claims by Plaintiff's alphabetical identifier, the court will do the same.

(TSC), (D.D.C. Sep. 15, 2020)).  When Plaintiff amended his complaint in that case, he dropped this request.  *Rudometkin v. United States*, No. 20-cv-2687 (TSC), slip op. at 2 n.1 (D.D.C. Sep. 19, 2022), ECF No. 43.  Accordingly, the court did not address whether Plaintiff stated a FOIA claim.  *Id.* ("The amended complaint neither mentions a request for Henry's records nor incorporates the original pleading by reference.").[2]

- Claim (d): Plaintiff's request to Major Jessica Kettl, his former defense counsel, for all attorney-client communications.  3d Am. Compl. ¶ 21.  Plaintiff attaches a certification from Major Kettl stating that she provided Plaintiff with his entire case file and there are no remaining electronic communications to provide.  3d Am. Compl. App'x at 6.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To survive such a motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  The court "may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint." *Demissie v. Starbucks Corp. Off. & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014) (citation omitted).

"FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies.'" *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)).  Federal agencies must comply with requests to make records available to the public, unless such

---

[2] In July 2023, this court granted summary judgment for defendants on the other FOIA requests at issue in that case, *see Rudometkin v. United States*, No. 20-cv-2687 (TSC), 2023 WL 4762574 (D.D.C. July 26, 2023).  Plaintiff's appeal is currently pending before the D.C. Circuit.  *See Rudometkin v. United States*, No. 23-5180 (D.C. Cir. Aug. 11, 2023).

"information is exempted under [one of nine] clearly delineated statutory [exemptions]." *Id.* (internal quotation marks omitted); *see also* 5 U.S.C. §§ 552(a)–(b). "To state a claim under FOIA, [plaintiffs] must plausibly allege 'that an agency has (1) improperly; (2) withheld; (3) agency records.'" *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 922 F.3d 480, 486 (D.C. Cir. 2019) (quoting *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 827 F.3d 145, 147 (D.C. Cir. 2016)). Courts also treat the "exhaustion of administrative remedies . . . as an element of a FOIA claim, which, as with all elements of any claim," must be sufficiently alleged to survive a Rule 12(b)(6) motion. *See Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 139 (D.D.C. 2008).

### III.  ANALYSIS

Although Plaintiff brings this action against Christine Wormuth in her official capacity as Secretary of the Army, the court's jurisdiction under FOIA is "limited to enjoining agency noncompliance." *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991) (citing 5 U.S.C. § 552(a)(4)(B)). A FOIA claim cannot be brought against an individual federal official. *Id.* Given the liberal pleading standards for *pro se* litigants, the court will construe Plaintiff's Third Amended Complaint as a FOIA action against the U.S. Army. *See Boyd v. Trump*, 478 F. Supp. 3d 1, 5 (D.D.C. 2020) (construing FOIA action against individual government officials as raising FOIA claims against corresponding agencies).

#### A.  Claims Dismissed with Plaintiff's Consent

For the FOIA requests in Claims (a), (b), (c), and (e) that Plaintiff no longer disputes and agrees to dismiss, 3d Am. Compl. ¶¶ 12, 13, 14, 20, 24; Pl.'s Opp'n at 16–17, there is no case or controversy to sustain the court's jurisdiction. *See Shapiro v. U.S. Dep't of Just.*, 239 F. Supp. 3d 100, 106 n. 1 (D.D.C. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The court will dismiss these claims for lack of subject matter jurisdiction and deny Defendant's motion to dismiss under Rule 12(b)(6) as moot. Defendant does not raise any argument to dismiss the

second FOIA request raised in Claim (b), seeking Army Grade Determination Review Board records regarding LC Henry. Def.'s MTD at 9. Accordingly, that portion of Claim (b) survives Defendant's motion to dismiss.

### B. Claim (a): LC Henry Disciplinary Records Request

Defendant argues that Plaintiff's request to the U.S. Army Office of the Judge Advocate General for LC Henry's disciplinary records fails to adequately allege (1) an improper withholding, and (2) that he administratively exhausted the request. Def.'s MTD at 4–8. Drawing all reasonable inferences in Plaintiff's favor, the court disagrees.

First, Defendant insists that Plaintiff's complaint "contains no reference to his having submitted a FOIA request." *Id.* at 4. To the contrary, it alleges that Plaintiff submitted a "FOIA request" for "records pertaining to MAJ Henry . . . concern[ing] any disciplinary records." 3d Am. Compl. ¶ 11. And, in the April 11 Memorandum that Plaintiff submitted to the U.S. Army Office of the General Counsel, which he attaches and incorporates by reference in his Third Amended Complaint, he summarizes the request and Defendant's response. *See* 3d Am. Compl. App'x. at 1–2. Accepting his allegations as true, Plaintiff submitted a request for "disciplinary records of [his] military trial judge and jury Lieutenant Colonel Richard J. Henry" on December 26, 2018. *Id.* at 1. On January 25, 2019, the Office of the Judge Advocate General's Professional Branch issued a "denial of records." *Id.* Plaintiff challenges the withholdings pursuant to Exemption 5 and the deliberative process privilege. *Id.* at 2. In sum, Plaintiff alleges that (1) he submitted a FOIA request for all disciplinary records concerning LC Henry, (2) Defendant failed to disclose records responsive to that request, and (3) Defendant improperly withheld responsive material under Exemption 5 and the deliberative process privilege. Taken together, these allegations sufficiently state a FOIA claim. *See Cause of Action Inst. v. IRS*, 390 F. Supp. 3d 84, 102 (D.D.C. 2019). Defendant remains free to offer evidence that it properly withheld records subject to

Plaintiff's FOIA request and that it is entitled to judgment as a matter of law. *Id.* At the pleadings stage, however, Plaintiff has "satisfied the 'quite straightforward' and 'relatively easy' requirement of 'plead[ing] the . . . elements of a FOIA claim.'" *Id.* (quoting *Campaign for Accountability v. U.S. Dep't of Just.*, 278 F. Supp. 3d 303, 312 (D.D.C. 2017)). Because Plaintiff's Third Amended Complaint contains adequate allegations, the court need not address his purported incorporation of the Complaint in *Rudometkin v. United States*, No. 20-cv-2687 (TSC), 2023 WL 4762574 (D.D.C. July 26, 2023).

Defendant alternatively argues that "Plaintiff fails to plead facts sufficient to plausibly establish that he has administratively exhausted such claims." Def.'s MTD at 5. "[C]ourt[s] must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review . . ." *Nat'l Sec. Couns. v. CIA*, 931 F. Supp. 2d 77, 99–100 (D.D.C. 2013). FOIA requires an agency to determine whether to comply with a FOIA request within 10 days. *Wonders v. Dep't of the Army Off. of Gen. Couns.*, 749 F. Supp. 3d 122, 129 (D.D.C. 2024) (citing 5 U.S.C. § 552(a)(6)(A)(i)). In the event of an adverse determination, the requester may appeal and "the agency must 'make a determination' on any appeal within 20 days." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(ii)). "Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Id.* (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990)). FOIA's exhaustion requirement provides the agency with "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Khine v. U.S. Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 333 (D.C. Cir. 2018) (quoting *Oglesby*, 920 F.2d at 61).

Plaintiff sufficiently alleges that he exhausted the appeal process for his FOIA request for LC Henry's disciplinary records. Based on the April 11 Memorandum, the Office of the Judge

Advocate General refused to produce the requested records on January 25, 2019. 3d Am. Compl. App'x at 1. Plaintiff alleges that he appealed that determination on May 26, 2020 and Defendant issued an administrative appeal decision on June 29, 2020. *Id.* ("[T]he undersigned submitted an updated appeal memo that addresses the disclosure of LTC Henry's disciplinary records" and "the Satriano appeal memo addresses both of the undersigned's FOIA requests."). Because a separate declaration from Defendant's Office of General Counsel suggested that Plaintiff had not adequately appealed the request for LC Henry's disciplinary records, he asked Defendant to confirm that the June 29, 2020 administrative appeal decision addressed that FOIA request. *Id.* at 2. Plaintiff alleges that Defendant failed to respond to his requests for clarification. 3d Am. Compl. ¶ 11. In these circumstances, and construing the allegations in Plaintiff's favor, he sufficiently alleges that he appealed Defendant's adverse determination and either obtained Defendant's final decision or Defendant failed to respond to his appeal within the statutory mandated time. Either way, Plaintiff plausibly pleads exhaustion of administrative remedies.

To the extent Defendant argues that Plaintiff failed to exhaust because he did not comply with its appeal rules or procedures, exhaustion does not bar judicial review in those circumstances. *Elec. Priv. Info. Ctr. v. IRS*, 910 F.3d 1232, 1239 (D.C. Cir. 2018). Exhaustion of a FOIA request is not jurisdictional and "applies only if its underlying purposes 'support such a bar.'" *Id.* at 1239 (citing *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004)). Plaintiff gave Defendant "the opportunity to reconsider its position and bring its expertise to bear" before seeking judicial review, *id.* at 1239, even requesting clarification on Defendant's appeal decision, 3d Am. Compl. ¶ 11. Defendant's failure to respond "manifests that the administrative process had run its course." *Elec. Priv. Info. Ctr.*, 910 F.3d at 1239. Therefore, exhaustion does not prevent judicial review

and the court will deny Defendant's motion to dismiss Plaintiff's challenge to his FOIA request for records regarding LC Henry.

### C. Claim (d): Major Kettl's Emails Request

Defendant also moves to dismiss Plaintiff's claim regarding his request for his former defense lawyer's emails, arguing that Plaintiff fails to allege that he submitted a FOIA request for those records. Def.'s MTD at 8. On this count, the court agrees. "It is axiomatic that an agency has no obligation to respond to a request that it did not receive." *Jarvis v. U.S. Dep't of Hous. & Urb. Dev.*, 310 F. Supp. 3d 79, 83 (D.D.C. 2018) (quoting *Willis v. U.S. Dep't of Just.*, 581 F. Supp. 2d 57, 68 (D.D.C. 2008)). To state a FOIA claim, Plaintiff must allege that he sent a FOIA request to the agency and that the agency received the FOIA request. *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008) ("It cannot be said that an agency improperly withheld records if the agency did not receive a request for those records."); *Boyd*, 478 F. Supp. 3d at 5 ("A FOIA claim fails if the plaintiff never sent a FOIA request to the agency." (citation omitted)). Plaintiff alleges that he "attempted to request attorney-client communications from [his] military defense counsel Major Jessica Kettl." 3d Am. Compl. ¶ 21. But Plaintiff provides no correspondence or documents to corroborate that he made a FOIA request. He attaches a certification from Kettl to his Third Amended Complaint, in which she certifies under "penalties of perjury" that she provided "Rudometkin with his entire client file," including notes, electronic communications, investigation materials, research, and court documents, and "[t]here are no additional electronic communications." 3d Am. Compl. App'x at 6. On this record, the most the court can infer is that Plaintiff requested records from Kettl, not Defendant. The court refuses to transform Plaintiff's request to his lawyer, likely covered by attorney-client privilege, into a FOIA request. Construing a client's request for information from defense counsel in court-martial proceedings to impose FOIA obligations would raise serious due process concerns and risk interfering with the right to

counsel under the Uniform Code of Military Justice and the U.S. Constitution. *See* 10 U.S.C. § 838 ("The accused has the right to be represented in his defense before a general or special court-martial . . ."); *Burns v. Lovett*, 202 F.2d 335, 344 (D.C. Cir. 1952) (holding UCMJ procedures for "[a]ppointment of counsel . . . satisfies constitutional requirements."); *United States v. Coleman*, 72 M.J. 184, 186 (C.A.A.F. 2013) (discussing "accused's constitutional right to due process" in court-martial proceedings); *Weiss v. United States*, 510 U.S. 163, 177 (1994) ("Congress, of course, is subject to the requirements of the Due Process Clause when legislating in the area of military affairs, and that Clause provides some measure of protection to defendants in military proceedings."). Plaintiff's vague allegations cannot justify undermining the foundational rights safeguarding individual liberty. He also cannot use this litigation to create a new FOIA request. *See, e.g.*, *Amiri v. Nat'l Sci. Found.*, 664 F. Supp. 3d 1, 24 (D.D.C. 2021) ("[A] requester may not expand the scope of his FOIA requests(s) during litigation."). Plaintiff does not allege that he submitted a FOIA request for Kettl's emails. For this reason, he fails to state a FOIA claim. *See, e.g.*, *Boyd*, 478 F. Supp. 3d at 6; *Thomas v. FCC*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008). The court will therefore grant Defendant's motion to dismiss this claim.

## IV.    CONCLUSION

For these reasons, the court will GRANT in part and DENY in part Defendant's Motion to Dismiss.

Date: March 21, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge